# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____*Attorneys' at Law*_____

August 9, 2022

**Via ECF**

The Honorable Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 304N, Courtroom 324N
Brooklyn, New York 11201

      Re:    Campo v. City of New York, et al.
              Docket No.: 19-CV-4364 (NGG) (JO)

Dear Honorable Judge Bulsara:

      This office represents the Plaintiff in the above-referenced matter. I write, with consent of all counsel, to request an adjournment of certain deadlines and to update the Court regarding a factual development which could impact potential damages.

      On May 25, 2022, the parties appeared before the Court, resulting in a settlement conference being set before Your Honor for August 25, 2022. The Court also referred us to mediation. Our mediation was conducted on July 12. While the matter did not settle, the parties are still engaged in settlement discussions. The Court also ordered that the Joint Pre-Trial Order ("JPTO") be filed by August 26. The parties are working on the proposed JPTO.

      In February 2020, Plaintiff was placed on medical leave due to anxiety she alleges is related to the harassment and retaliation which is the subject of this litigation; she is currently still on that leave. It has recently come our attention that pursuant to NYC Admin. Code 13-521, plaintiff was referred for a medical examination for ordinary disability retirement upon the application of the Police Department. I advised the City of this development, and the City is in the process of gathering updated medical records from the Police Department and has advised that a release is required to obtain records from the New York City Police Pension Fund, as it is a separate legal entity. Plaintiff is in the process of providing this authorization.

      In addition, I have spoken with my client's PBA attorney who has advised me that the recommendation for ordinary retirement (versus accidental "line of duty" retirement) has been

appealed.  The classifications of "ordinary" versus "accidental" retirement bears on plaintiff's future pension benefits.  In either case, whereas Plaintiff did not previously have a claim for lost earnings, her economic damages are now impacted by this retirement application.  Thus, the parties now require limited discovery, including the production of updated medical and pension board records from the NYPD and Police Pension Fund, a non-party.  Plaintiff anticipates retaining an actuarial expert to calculate the damages relating to the retirement, and thus, expert discovery would also need to be re-opened on this limited issue.

      The parties are prepared to attend the upcoming settlement conference on August 25, but respectfully request an adjournment of the due date for the JPTO pending additional discovery on the limited issue discussed above.  Should this matter not resolve at the settlement conference, the parties will be prepared to further discuss the discovery and damages issues referenced herein and set dates for completion of limited discovery.  In the meantime, the parties are working together to exchange the necessary authorizations and records.

LEEDS BROWN LAW, P.C.

Respectfully Submitted,

_____/s/_____

RICK OSTROVE

Cc: Opposing Counsel (Via ECF)